**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| ALTO DYNAMICS, LLC,<br><br>     Plaintiff,<br><br> v.<br><br>GOBRANDS, INC. AND GOBRANDS<br>TEXAS, LLC,<br><br>     Defendant. | Civil Action No.: 6:22-cv-00389-ADA<br><br>**JURY TRIAL DEMANDED** |

## <u>DEFENDANTS' MOTION TO DISMISS</u>

## **TABLE OF CONTENTS**

I.   STATEMENT OF FACTS ....................................................................................... 2

    A.   Plaintiff's Generalized Allegations Against GoBrands Texas............................... 2

    B.   Plaintiff's Conclusory Direct Infringement Allegations........................................ 3

    C.   Plaintiff's Conclusory Indirect Infringement Allegations. .................................... 6

    D.   Plaintiff's Conclusory Willful Infringement Allegations. ..................................... 6

II.  LEGAL STANDARD............................................................................................. 7

III. ARGUMENT ......................................................................................................... 8

    A.   Plaintiff Fails to State a Plausible Claim Against GoBrands Texas. ...................... 8

    B.   Plaintiff Fails to Sufficiently Plead Direct Infringement........................................ 9

    C.   Plaintiff Fails to Plausibly Plead Indirect Infringement. ...................................... 13

    D.   Plaintiff Fails to Sufficiently Plead Willful Infringement. ................................... 17

IV.  CONCLUSION.................................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Affinity Labs of Tex. LLC v. Toyota Motor N. Am. Inc.*,
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ................................14, 15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................................................................7, 8, 9, 10, 14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................................7, 8, 12

*BillJCo LLC v. Apple Inc.*,
6:21-cv-528-ADA, 2022 WL 299733 (W.D. Tex. Feb. 1, 2022) ....................................19, 20

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ........................................................................................15, 16

*De La Vega v. Microsoft Corp.*,
No. W-19-CV-612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)...............1, 7, 11, 13

*Fujitsu Ltd. v. Netgear Inc.*,
620 F.3d 1321 (Fed. Cir. 2010) ..........................................................................................15

*Golden v. Apple Inc.*,
819 F. App'x 930 (Fed. Cir. 2020) .......................................................................................11

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
579 U.S. 93 (2016) .................................................................................................................19

*Inhale, Inc. v. Gravitron, LLC*,
1:18-cv-762-LY, 2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) ...........................................8

*Intel Corp. v. Future Link Sys., LLC*,
268 F. Supp. 3d 605 (D. Del. 2017).....................................................................................18

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
No. 6:17-cv-143-RP-JCM, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) ..........................14

*Joao Control & Monitoring Sys., LLC v. Protect America, Inc.*,
No. 1:14-cv-134-LY, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) ....................................7

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
869 F.3d 1372 (Fed. Cir. 2017)..............................................................................................7

*Lyda v. CBS Corp.*,
　838 F.3d 1331 (Fed. Cir. 2016) ......................................................................7, 13

*Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*,
　6:20-cv-8876-ADA, 2021 WL 3931910 (W.D. Tex. Sept. 1, 2021) .................................16, 17

*Parity Networks, LLC v. Cisco Sys., Inc.*,
　No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ..........................17

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
　843 F.3d 1315 (Fed. Cir. 2016) ....................................................................14

*Valinge Innovation AB v. Halstead New England Corp.*,
　No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) ...............................19, 20

*VLSI Tech., LLC v. Intel Corp.*,
　6:19-cv-254-ADA (W.D. Tex. Aug. 6, 2019) .......................................................17

## STATUTES

35 U.S.C. § 271(b) ...................................................................................14

35 U.S.C. § 271(c) ...................................................................................15

## OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(6) .....................................................................2, 8, 9, 13, 20

Plaintiff Alto Dynamics, LLC's ("Plaintiff") bare-bones Complaint fails to adequately plead any of its claims. First, Plaintiff fails to plausibly plead a claim against GoBrands Texas, LLC ("GoBrands Texas"), a special purpose entity with no employees and no involvement in the accused technology. It is not clear why Plaintiff included GoBrands Texas as a defendant or why Plaintiff declined to agree to dismiss this entity when informed of the facts, but GoBrands Texas should be dismissed.

Second, Plaintiff's direct infringement claims fall woefully short of the *Twombly*/*Iqbal* standard by merely parroting the claim elements without explaining how Defendants[1] allegedly infringe. This Court has dismissed complaints with more than Plaintiff's Complaint alleges here. *See, e.g.*, *De La Vega v. Microsoft Corp.*, No. W-19-CV-612-ADA, 2020 WL 3528411, at *6-7 (W.D. Tex. Feb. 11, 2020) (dismissing direct infringement claim where for one limitation the complaint provided only "three screenshots of evidence without explaining how that evidence shows" the accused product meet the limitation).

Third, Plaintiff fails to plausibly plead indirect infringement, instead merely parroting the elements without factual content to support a reasonable inference that Defendants indirectly infringe. And finally, with respect to willful infringement, Plaintiff fails to sufficiently allege knowledge of infringement or egregious behavior, instead recycling generic and conclusory statements that, if sufficient to survive a motion to dismiss, could allow plaintiffs to accuse every defendant in every case of willfully infringing regardless of the circumstances or the contents of the complaint. Defendants requested Plaintiff stipulate to dismiss its indirect and willful infringement claims without prejudice to discovery into and refiling of the same pursuant to Section VII of this Court's April 14, 2022, Order Governing Proceedings, but Plaintiff declined,

---

[1] "Defendants" refers collectively to GoBrands, Inc. and GoBrands Texas.

forcing Defendants to file this motion.  Defendants therefore move to dismiss the entire Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## I.     STATEMENT OF FACTS

Plaintiff filed its Complaint for Patent Infringement on April 14, 2022, alleging Defendants infringe nine patents.  Six of those patents expired before Plaintiff filed this lawsuit, and the remaining three expire later this year.  The nine patents are: U.S. Patent Nos. 6,691,103 ("the '103 Patent"); 7,392,160 ("the '160 Patent"); 8,051,098 ("the '098 Patent"); RE46,513 ("the '513 Patent"); 6,662,190 ("the '190 Patent"); 7,152,018 ("the '018 Patent"); 7,657,531 ("the '531 Patent"); 6,757,662 ("the '662 Patent"); and 6,604,100 ("the '100 Patent") (collectively, the "Asserted Patents").  Plaintiff accuses certain functionality on Defendants' website of infringing ("Accused Instrumentalities").  Dkt. 1, ¶ 20.

### A.  Plaintiff's Generalized Allegations Against GoBrands Texas.

Plaintiff's Complaint contains only two allegations specific to GoBrands Texas:

> 5.    GoBrands Texas, LLC is a limited liability company organized under the laws of Delaware with its corporate headquarters located at 537 N 3rd Street, Philadelphia, Pennsylvania 19123-2936.
>
> ***
>
> 14.   GoBrands Texas, LLC is registered to do business in Texas and has been registered to do business in Texas since 2016.  *See* **Exhibit K**.

Dkt. 1, ¶¶ 5, 14.  Plaintiff does not allege any acts of infringement attributable to GoBrands Texas. Rather, Plaintiff merely includes generic allegations of infringement, without distinction between the two entities. *See, e.g.*, Dkt. 1, ¶¶ 18, 28-29, 41-42, 59-60, 72-73, 90-91, 103-104, 121-122, 134-135, 147-148 (alleging infringement by "Defendants" without specificity).

GoBrands Texas is a holding company.  Ex. A, Epps Decl., ¶ 3.  GoBrands Texas does not

have any employees.  *Id.*  It has not and does not make, manage, operate, or otherwise have any

control over the Accused Instrumentalities. *Id*., ¶ 4.

Counsel for Defendants represented to Plaintiff that GoBrands Texas is a special purpose

entity that does not have any role in the actions accused of infringement, and agreed not to withhold

discovery on the basis of entity if Plaintiff agreed to dismiss GoBrands Texas.  Ex. B, 5/31/22

Pankratz Email, at 7.  Plaintiff refused.  *Id*., 6/28/22 Rozier Email, at 3.  Defendants requested

Plaintiff's good faith basis for naming GoBrands Texas in its Complaint, and Plaintiff provided

none.  *Id*., 6/29/22 Muenks Email, at 2-3; 7/1/22 Rozier Email, at 2; 7/7/22 Rozier Email, at 1.

### B.  Plaintiff's Conclusory Direct Infringement Allegations.

Plaintiff's Complaint alleges that Defendants directly infringe the Asserted Patents.  For

each Asserted Patent, the Complaint recites only a conclusory allegation of infringement.  For

example, for the '103 Patent, the Complaint alleges:

> 28.     Defendants have infringed the '103 patent by making, using,
> providing, supplying, selling, offering for sale, or distributing the
> Accused Instrumentalities, including but not limited to, by providing
> internal company analytics to its employees and staff.
>
> 29.     Defendants have directly infringed, either literally or under
> the doctrine of equivalents, at least claim 1 of the '103 Patent.

Dkt. 1, ¶¶ 28-29; *see also id.*, ¶¶ 41-42, 59-60, 72-73, 90-91, 103-104, 121-122, 134-135, 147-148

(reciting similarly conclusory allegations for the remaining Asserted Patents).  For each Asserted

Patent, the Complaint then merely reproduces and recites the claim elements without any further

written explanation for its infringement allegations.  *Id.*, ¶¶ 30, 43, 61, 74, 92, 105, 123, 136, 149.

Moreover, the methods recited in the asserted claims of the '531, '160, and '018 Patents

require at least two distinct actors: a server (presumably of an operating entity) and a user or client.

3

For example, Claim 1 of the '531 Patent (the only claim of the '531 Patent that Plaintiff identifies in its Complaint) recites a method requiring steps performed by a server (e.g., "providing … to the user") and steps performed by a user or client ("sending … by the user to the application server"):

> 1. A method of enabling access to a resource of a distributed application server or processing system by a user/client application possessing a valid security-context, comprising the steps of:
>
> **[server]** receiving the security-context and an appended protected security-context renewal request provided by the user to an access authorization component of the application server or processing system;
>
> **[server]** verifying the validity of the security-context and the security-context renewal request;
>
> **[server]** extracting content of both the security-context and the security-context renewal request;
>
> **[server]** comparing current time to an expiration time identifying time of expiration of the security-context;
>
> **[server]** if the expiration time is less than the current time, comparing the security-context renewal request with stored identity and authorization information comprising at least one of a user identifier, an organization identifier, a sub-organization identifier, a key, an authentication certificate, an user location, a user role, and an user position identifying the user to the access authorization component and generating a new symmetric key, and other access and authorization information;
>
> **[server]** generating an updated security-context based on the verifying of the user's identity and authorization and based on the user having requested authority for access to the resource and services;
>
> **[server]** providing the updated security context to the user; and
>
> **[client]** sending the updated security-context and a request for access to the resource and services by the user to the application server or processing system.

Dkt. 1, ¶ 122 & Ex. G, '531 Patent, Claim 1 (server/client annotations added).  Claim 1 is the only independent claim recited in the '531 Patent.  *Id.*[2]

---

[2] Claim 1 of the '513 Patent similarly recites a method comprising similar "providing . . . to the user" and "sending, by the user" limitations but is not identified by Plaintiff in its Complaint.  Dkt. 1, ¶ 73 & Ex. D, '513 Patent, Claim 1.  To the extent Plaintiff asserts Claim 1 of the '513 Patent or any of its dependents in its infringement contentions, the Court should dismiss those claims for the same reason.

Claim 1 of the '160 Patent (the only claim of the '160 Patent that Plaintiff identifies in the Complaint) also recites a method comprising steps performed by a server (e.g., "wherein the central server audits") and by a client (e.g., "receiving, from the central server" and "passing, to a central server"):

> 1. A method of monitoring user usage patterns of a system, comprising the steps of:
>    **[server]** providing at least one state object, the object including a profile representative of user usage;
>    **[client]** storing the state object at a client location;
>    **[client]** passing, to a central server, the state object with each subsequent interaction initiation; and
>    **[client]** receiving, from the central server, the state object along with the response of the central server;
>    **[client]** / **[server]** wherein the profile is modified to reflect the interaction between the client location and the central server; and
>    **[server]** wherein the central server audits the state object/profile passed to it, and performs analysis on the audited profile in order to direct services and/or information suited to the profile to the client location.

Dkt. 1, ¶ 42 & Ex. B, '160 Patent, Claim 1 (server/client annotations added).  Claim 1 of the '018 Patent similarly recites a method comprising steps performed by a server ("providing at least one state object) and by a client ("passing, to a central server" and "receiving, from the central server"):

> 1. A method of monitoring user usage patterns of a system, comprising the steps of:
>    **[server]** providing at least one state object, the object including a profile representative of user usage;
>    **[client]** storing the state object at a client location;
>    **[client]** passing, to a central server, the state object with each subsequent interaction initiation; and
>    **[client]** receiving, from the central server, the state object along with the response of the central server;
>    **[client]** wherein the profile is modified, to reflect the interaction between the client location and the central server, by one of one or more scripts within or included in information/resources provided to the client location by the central server, and one or more programs executed at the client location, thus precluding manipulation of the profile by the server.

Dkt. 1 Ex. F, '018 Patent, Claim 1 (server/client annotations added).  Claim 1 of the '018 Patent

again is the only claim of the '018 Patent that Plaintiff identifies in its Complaint.  Dkt. 1, ¶ 104.

Despite these claims plainly requiring at least two distinct actors, Plaintiff's Complaint

fails to allege that Defendants direct or control performance of these steps by the user or client, or

that Defendants form a joint enterprise with such users or clients such that performance of every

step is attributable to Defendants, let alone plead facts sufficient to support such an allegation.  *See*

Dkt. 1, ¶¶ 44, 105, 123.

### C.  Plaintiff's Conclusory Indirect Infringement Allegations.

Plaintiff cannot allege (and has not alleged) that Defendants indirectly infringe six of the

Asserted Patents, because they expired before Plaintiff filed this lawsuit.  Plaintiff alleges that

Defendants indirectly infringe the remaining three patents: the '160, '513, and '018 Patents.  For

each of these three patents, Plaintiff alleges induced and contributory infringement in nearly

identical paragraphs, one parroting the elements of induced infringement and one parroting the

elements of contributory infringement.  *See id.*, ¶¶ 44-45, 75-76, 106-107.  For each of these three

patents, Plaintiff includes an identical kitchen-sink list of generic third parties.  *Id.*, ¶¶ 44, 75, 106

(alleging Defendants induce "subsidiaries, partners, affiliates, and end-users, including

Defendants' customers and potential customers").  And for each of the three patents, Plaintiff only

alleges knowledge of the patents after the Complaint was filed, and does not allege pre-suit

knowledge of the patents.  *See id.*, ¶¶ 46, 77, 108.

### D.  Plaintiff's Conclusory Willful Infringement Allegations.

Plaintiff also alleges that Defendants willfully infringe the same '160, '513, and '018

Patents.  Dkt. 1, ¶¶ 49, 80, 111, 155(d).  Plaintiff's Complaint does not include any facts indicating

that Defendants had pre-suit knowledge of the '160, '513, or '018 Patents.  Rather, for each patent,

the Complaint recites four identical sentences related to knowledge and/or willfulness. *Id.*, ¶¶ 46-49, 77-80, 108-111.

Plaintiff alleges only knowledge of the patent itself, and does not allege knowledge of any infringement. *Id.*, ¶ 46 ("Defendants have had knowledge of the '160 Patent at least as of the date when it was notified of the filing of this action."); *see also id.*, ¶¶ 77, 108 (repeating the allegation for the '513 and '018 Patents). Plaintiff also only alleges knowledge after the Complaint was filed, and does not allege pre-suit knowledge. *See id.*

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To satisfy this standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Additionally, a complaint must "place the alleged infringer on notice of what activity . . . is being accused of infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal citations and quotations marks omitted). This standard—the *Twombly/Iqbal* standard—applies to claims of direct, joint or divided, indirect, and willful infringement. *See De La Vega*, 2020 WL 3528411, at *6-7 (dismissing direct infringement allegations for not meeting *Twombly/Iqbal* standard); *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) (holding the *Twombly/Iqbal* standard applies to allegations of joint infringement); *Joao Control & Monitoring Sys., LLC v. Protect America, Inc.*, No. 1:14-cv-134-LY, 2015 WL 3513151, at *3 (W.D. Tex. Mar. 24, 2015) ("[T]he general

principles of *Twombly* and *Iqbal* must be applied to indirect infringement claims.") (internal citation omitted); *Inhale, Inc. v. Gravitron, LLC*, 1:18-cv-762-LY, 2018 WL 7324886, at *3 (W.D. Tex. Dec. 10, 2018) (applying *Twombly/Iqbal* standard to dismiss allegations of willful infringement).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

With respect to motions to dismiss indirect and willful infringement claims, the Court's April 14, 2022 Standing Order Governing Proceedings in Patent Cases provides:

> Any party seeking to dismiss claims of indirect or willful infringement before fact discovery must first meet and confer with the opposing party to discuss dismissing those allegations without prejudice, with leave to re-plead those allegations with specificity if supported by a good faith basis under Rule 11. Under this agreement, the patent owner may re-plead those allegations within three months after fact discovery opens, and the parties agree to permit fact discovery on indirect and willful infringement during those three months. The party moving to dismiss must attach a certification of compliance with this OGP to its motion to dismiss.
>
> An agreement to dismiss under this section shall be filed as a joint notice instead of as a motion.

Standard Order Governing Proceedings (OGP) 4.1—Patent Cases, April 14, 2022, Section VII.

## III.   ARGUMENT

### A.  Plaintiff Fails to State a Plausible Claim Against GoBrands Texas.

The Court should dismiss GoBrands Texas pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff does not and cannot satisfy the *Twombly/Iqbal* pleading standard that GoBrands Texas committed any acts of infringement.  The only allegations specific to GoBrands Texas in the Complaint are that it is organized under the laws of Delaware, with a principal place of business in Philadelphia, and registered to do business in Texas.  Dkt. 1, ¶¶ 5, 14.  Plaintiff's Complaint

fails to allege that GoBrands Texas specifically (as opposed to "Defendants" generically) makes, uses, sells, offers to sell, or imports any Accused Instrumentality.  *See id*.

Plaintiff alleges no facts specific to GoBrands Texas sufficient to state a plausible claim of infringement against that entity.  Nor can Plaintiff, as GoBrands Texas is a special purpose entity with no employees that does not and has not made, managed, operated, or otherwise had any control over any Accused Instrumentality.  Ex. A, Epps Decl., ¶¶ 3-4.  Plaintiff's generic allegations lumping together the actions of both "Defendants" fail to allege facts that amount to "more than a sheer possibility that a defendant [GoBrands Texas] has acted unlawfully." *Iqbal*, 556 U.S. at 678.  The Court accordingly should dismiss GoBrands Texas.

It is not clear why Plaintiff declined to dismiss GoBrands Texas when informed of the nature and irrelevance of the entity by Defendants' counsel.  *See* Ex. B.  Plaintiff's threadbare allegations fail to identify any good faith basis for naming GoBrands Texas as a defendant in this case—nor did Plaintiff identify any good faith basis when expressly asked.  *Id*., 6/29/22 Muenks Email, at 2-3; 7/1/22 Rozier Email, at 2; 7/7/22 Rozier Email, at 1.  Plaintiff has not and cannot carry its burden of sufficiently pleading a claim against this entity, and so it should be dismissed.

### B.  Plaintiff Fails to Sufficiently Plead Direct Infringement.

The Court should dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because its claims of direct infringement do not satisfy the *Twombly*/*Iqbal* pleading standard.  First, Plaintiff fails to allege any facts sufficient to allow for a reasonable inference that Defendants' Accused Instrumentalities directly infringe.  Rather, Plaintiff merely reproduces the claim elements of the asserted claim for each Asserted Patent.  Second, although the asserted claims of the '531, '160, and '018 Patents plainly require at least two distinct actors, Plaintiff fails to allege facts sufficient to find any single party liable as a direct infringer.  For example, Plaintiff fails to

allege that Defendants direct or control, or form a joint enterprise with, any other actor practicing the steps of the recited methods.

### 1.   Plaintiff's Mere Recitation of the Claim Elements is Insufficient.

Plaintiff fails to state a plausible claim for relief of direct infringement for each Asserted Patent.  Plaintiff fails to "plead[] factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Instead, Plaintiff merely recites the claim limitations for one claim of each Asserted Patent, with the conclusory preface that the Accused Instrumentalities perform or meet those limitations.  *See* Dkt. 1, ¶¶ 30, 43, 61, 74, 92, 105, 123, 136, 149.  For example, the Complaint's Allegations for the '103 Patent are provided below as compared to the language of the asserted claim.

| Complaint's Allegations of Direct Infringement for '103 Patent | Claim 1 of the '103 Patent |
|---|---|
| 30. For example, the Accused Instrumentalities, perform, and allow users to perform, a method for searching a database including a plurality of records, at least some of said records having a plurality of record fields and a plurality of record elements, comprising the steps of receiving a search criteria including a plurality of search elements corresponding to at least some of the record elements of said database, each of said search elements being capable of returning one or more corresponding search results from the records of said database; ordering the search elements of said search criteria based upon an expected size of the corresponding search results from said database; and searching said database with one of said search elements, which is expected to provide a first group of said search results, before searching said database with another one of said search elements, which is expected to provide a second group of said search results, said second group being larger in size than said first group. | 1. A method for searching a database including a plurality of records, at least some of said records having a plurality of record fields and a plurality of record elements, said method comprising: receiving a search criteria including a plurality of search elements corresponding to at least some of the record elements of said database, each of said search elements being capable of returning one or more corresponding search results from the records of said database; ordering the search elements of said search criteria based upon an expected size of the corresponding search results from said database; and searching said database with one of said search elements, which is expected to provide a first group of said search results, before searching said database with another one of said search elements, which is expected to provide a second group of said search results, said second group being larger in size than said first group. |

*Compare* Dkt. 1, ¶ 30 *with* Dkt. 1 Ex. A, '103 Patent, Claim 1 (colors added).  Plaintiff's allegations for the remaining Asserted Patents are similarly deficient, again merely reciting the respective claim elements as the sole allegation to support direct infringement.  *See* Dkt. 1, ¶¶ 43, 61, 74, 92, 105, 123, 136, 149.

This Court has dismissed and the Federal Circuit has affirmed dismissals of complaints with more than Plaintiff's Complaint contains here.  For example, in *De La Vega*, this Court dismissed the direct infringement allegations for Claims 1 and 9 *with* prejudice because the Complaint did not state a plausible claim to relief.  2020 WL 3528411, at *6-7.  With respect to Claim 1, the Complaint "[did] not include even a short written description of how the accused instrumentalities meet" one of the limitations by including only "three screenshots of evidence without explaining how that evidence shows that [defendant] (and/or a third-party) performs" the limitation.  *Id*. at *6. With respect to Claim 9, the Complaint only parroted the claim language and alleged each Defendant infringed it, without any "explanation as to how the accused instrumentalities infringe."  *Id*. at *7.  In addition, the Federal Circuit affirmed dismissal without prejudice of direct infringement allegations by a *pro se* plaintiff where the complaint "contain[ed] only conclusory formulaic recitations of the elements of patent infringement as to each defendant" and "reference[d] 'claim charts' for each defendant and each patent" that the Court found confusing and unhelpful.  *Golden v. Apple Inc*., 819 F. App'x 930, 931 (Fed. Cir. 2020).

Plaintiff's direct infringement allegations here are even more threadbare than those found insufficient in *De La Vega* and *Golden*, where the complaints included several screen shots and an (albeit confusing) claim chart, respectively.  In contrast here, Plaintiff merely parrots the claim elements without describing how the Accused Instrumentalities meet those claimed elements.  Plaintiff's single exhibit regarding "GoPuff Ad Solutions" (Ex. Q) is referenced *nowhere* in its

direct infringement allegations and it is unclear from this exhibit what Plaintiff alleges infringes and how Plaintiff alleges it meets any claim elements.  Nor does Plaintiff include any exhibits or screen shots relating to eight of the nine Asserted Patents that do not relate to advertising.  Merely attaching Ex. Q to its Complaint fails to render Plaintiff's direct infringement allegations sufficient.

Plausible allegations require "more than labels and conclusions" and a "formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Because that is all Plaintiff's Complaint alleges, it fails to state a plausible claim for relief of direct infringement.  Accordingly, the Court should dismiss Plaintiff's direct infringement claims for the Asserted Patents.

### 2. Plaintiff Fails to State a Plausible Claim for Direct Infringement of Claims Requiring Multiple Actors.

Plaintiff also fails to state a plausible claim for relief of direct infringement of Claim 1 of the '531 Patent, Claim 1 of the '160 Patent, and Claim 1 of the '018 Patent because those claims require at least two separate actors.  *See supra*, Section I.B.  Yet, Plaintiff fails to allege joint infringement by the combined acts of multiple parties, let alone allege underlying facts sufficient to support such an allegation.  The Court should dismiss Plaintiff's direct infringement claims with respect to the '531, '160, and '018 Patents for this independent reason.[3]

Claim 1 of the '531 Patent recites a method comprising various steps performed by a server ("receiving," "verifying," "extracting, "comparing," "generating," and "providing . . . to the user") and then also recites a step expressly performed by the user or client: "*sending* the updated security-context and a request for access to the resource and services *by the user to the application server or processing system*."  Dkt. 1 Ex. G, '531 Patent, Claim 1 (emphasis added).  Claim 1 is

---

[3] To the extent Plaintiff asserts Claim 1 of the '513 Patent or any of its dependents in its infringement contentions, the Court should dismiss those claims for the same reasons explained with respect to the '531 Patent.  *See* supra, n.2.

the only independent claim recited in the '531 Patent.  *Id.*  Additionally, Claim 1 of the '160 Patent and Claim 1 of the '018 Patent recite methods comprising steps performed by a server (e.g., "providing") and various steps performed by a user or client ("storing," "passing, to a central server," "receiving, from the central server").  *See supra*, Section I.B.

Where a claim requires multiple actors, "to meet the *Twombly/Iqbal* pleading standard for joint infringement by the combined acts of multiple parties, the complaint must plead 'facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction and control' over the other's performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party.'"  *De La Vega*, 2020 WL 3528411, at *4   (dismissing Plaintiff's direct infringement allegations *with* prejudice) (quoting *Lyda*, 838 F.3d at 1339).

Plaintiff's Complaint fails to allege any of the required elements.  Just like the Complaint in *De La Vega*, Plaintiff's Complaint here "fails to make even conclusory allegations of such direction, control, or joint enterprise, much less allege any facts to support the same."  *Id*. at *4.  For this independent reason, the Court should dismiss Plaintiff's direct infringement allegations for the '531, '160, and '018 Patents.

### C.  Plaintiff Fails to Plausibly Plead Indirect Infringement.

The Court should dismiss Plaintiff's indirect infringement claims pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to plead plausible claims of indirect infringement.[4]  Similar to

---

[4] In accordance with Section VII of this Court's April 14, 2022 Standing Order Governing Proceedings in Patent Cases, the parties met and conferred regarding dismissal of Plaintiff's indirect and willful infringement allegations.  The parties stipulated to dismissal without prejudice of the pre-suit indirect and willfulness claims to the extent alleged in Plaintiff's Complaint, but were unable to reach an agreement on Plaintiff's post-suit indirect and willful infringement claims. Dkt. 8.  Defendants accordingly move to dismiss Plaintiff's post-suit indirect and willful infringement claims.

Plaintiff's direct infringement allegations, Plaintiff's indirect infringement allegations do little more than parrot the elements with conclusory allegations and without factual content that allows for a reasonable inference that Defendants indirectly infringe.

### 1. Plaintiff's Induced Infringement Claim Should be Dismissed because Plaintiff Fails to Sufficiently Plead Required Elements.

Plaintiff fails to state a claim of induced infringement because its Complaint lacks factual content that allows for a reasonable inference that Defendants induced infringement. *See Iqbal*, 556 U.S. at 678. To assert a claim of induced infringement under 35 U.S.C. § 271(b), a Plaintiff must plead that the defendant "(1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement." *Affinity Labs of Tex. LLC v. Toyota Motor N. Am. Inc.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014).

First, Plaintiff's Complaint fails to plead factual content that allows for a reasonable inference that Defendants *knew* that the actions of any third-party constitute direct infringement or that Defendants have a specific subjective intent to induce infringement—elements required to plausibly plead induced infringement. *See Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-cv-143-RP-JCM, 2017 WL 9477677, at *6 (W.D. Tex. Nov. 28, 2017) (recommending dismissal of induced infringement claim because plaintiff "does not provide, nor cite to, sufficient factual content" to state a plausible claim).

Second, a claim of induced infringement can stand only if there is direct infringement by a third-party. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1331 (Fed. Cir. 2016). Plaintiff fails to plead that any of the generic categories of third parties listed in the Complaint directly infringe. In fact, as explained in Section III.B, *supra*, Plaintiff's Complaint fails to state a plausible claim of direct infringement by anyone—Defendants or any third-party.

*See* Dkt. 1, ¶¶ 44, 75, 106.  Plaintiff's induced infringement claim consists of only the conclusory statements that Defendants "advis[e] or direct[] personnel, contractors, or end-users to make or use the Accused Instrumentalities in an infringing manner; advertis[e] and promot[e] the use of the Accused Instrumentalities in an infringing manner; or distribut[e] instructions that guide users to use the Accused Instrumentalities in an infringing manner."  *See id*.  This amounts to little more than the conclusory allegation that "Defendants induces infringement," *id.*, with no factual support for that conclusion.  Plaintiff has failed to state a plausible induced infringement claim.

### 2.  The Contributory Infringement Claim Should be Dismissed Because Alto Dynamics Fails to Sufficiently Plead Required Elements.

Plaintiff's allegations that Defendants contributorily infringe the '160, '513, and '018 Patents similarly are deficient.  To state a claim for contributory infringement under 35 U.S.C. § 271(c), a plaintiff must plead facts to show: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention."  *Affinity Labs*, 2014 WL 2892285, at *8 (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).  To sufficiently plead a contributory-infringement claim, a plaintiff must do more than recite these elements and support them with mere conclusory statements.  *See Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Plaintiff falls far short of this pleading standard.

For the same reasons discussed above with respect to induced infringement, Plaintiff's allegations of knowledge are insufficient.  *See supra*, Section III.C.1.

Plaintiff's allegations with respect to both the substantial noninfringing uses and material parts of the invention elements also are deficient.  For example, with respect to the '160 Patent, Plaintiff alleges only that "[t]he Accused Instrumentalities have special features that are specially

designed to be used in an infringing way and that have no substantial uses other than those that infringe" "include, for example, the method recited in claim 1, including all intermediary steps, that allow the claimed method of monitoring user usage patterns of a system" constitute a material part of the invention for which there "are not staple articles of commerce suitable for substantial non-infringing use." Dkt. 1, ¶ 45; *see also id.*, ¶ 76 (similarly alleging for the '513 Patent that the "special features include, for example, the processing system recited in claim 16 having resources that are selectively accessible to users, the resources including processors, program objects, and records"), *id.*, ¶ 107 (similarly alleging for the '018 Patent that the special features "include, for example, the method recited in claim 1, including all the intermediary steps, that allow the claimed method of monitoring user usage patterns of a system"). In so alleging, Plaintiff does no more than recite that the substantial noninfringing use and materiality elements are present in the entire recited methods and "all intermediary steps." *See id.* For example, the alleged "monitoring user usage patterns of a system" for the '018 and '160 Patents merely recites the preamble and high-level subject matter to which the entire patents are directed. *See* Dkt. 1, Ex. B, at Abstract, 1:15-16 ("This invention relates generally to the monitoring, recording and analysis of user activity"), Claim 1 ("A method of monitoring user usage patterns of a system, comprising . . . ."); Ex. F, at Abstract, 1:3-7, Claim 1 (same).

Plaintiff's conclusory allegations accordingly do "not contain any facts, other than mere recitations of the elements," to lead to a plausible inference of no substantial noninfringing use. *See Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*, 6:20-cv-8876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021) (dismissing contributory infringement allegations). As such, Plaintiff has failed to adequately plead the existence of essential elements necessary for contributory infringement. *See Bot M8*, 4 F.4th at 1352

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff's contributory infringement claims therefore are deficient and should be dismissed.

### D.  Plaintiff Fails to Sufficiently Plead Willful Infringement.

"To state a claim for willful infringement, a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (internal quotations marks omitted). And "a plaintiff should plead willfulness with sufficient articulation of the relevant facts." *Id.*

Plaintiff alleges only that Defendants have knowledge of the '160, '513, and '018 Patents from the Complaint, but does not allege Defendants have knowledge or notice of any alleged infringement. Dkt. 1, ¶¶ 47, 78, 109. Nor can Plaintiff so allege, as its Complaint merely recites the claim elements and fails to explain *how* Plaintiff alleges Defendants infringe. *See supra*, Section III.B. Knowledge of a patent and knowledge of infringement are "distinct elements, and without more factual allegations supporting knowledge of infringement, the pleading standard is not met." *Monolithic Power Sys.*, 2021 WL 3931910, at *5 (dismissing willful infringement).

Plaintiff's conclusory allegation that Defendants are willfully blind not only is unsupported by any pleaded facts but this Court also expressly has found much stronger allegations "insufficient to meet the test for willful blindness." *See  VLSI Tech., LLC v. Intel Corp.*, 6:19-cv-254-ADA (W.D. Tex. Aug. 6, 2019) (dismissing without prejudice indirect and willful infringement claims). Plaintiff's willful blindness allegations here are compared below to those of VLSI which the Court

found insufficient to meet the test of willful blindness:

| Complaint's Allegations of Willful Blindness | VLSI's Allegations of Willful Blindness |
| --- | --- |
| Furthermore, on information and belief, Defendants have a policy or practice of not reviewing patents of others (including instructing its employees to not review the patents of others), and thus has [sic] been willfully blind of Plaintiff's patent rights.<br><br>Dkt. 1, ¶¶ 47, 78, 109. | Intel has had knowledge of the '357 Patent and its infringement of the '357 Patent at least since the filing of this Complaint, and if it did not have actual knowledge prior to that time, it was willfully blind to the existence of the '357 Patent and its infringement of the '357 Patent based on, for example, its publicly-known corporate policy forbidding its employees from reading patents held by outside companies or individuals. For example, in *Intel Corp. v. Future Link Sys., LLC*, 268 F. Supp. 3d 605, 623 (D. Del. 2017) the court noted the patent owner's observation that "Intel's own engineers concede that they avoid reviewing other, non-Intel patents so as to avoid willfully infringing them." As a further example, former Intel employees, including Intel's longtime Chief Architect Robert Colwell, have admitted that this policy's purpose is to "avoid possible triple damages for 'willful infringement.'" As still another example, Intel has been sued for infringing patents previously assigned to NXP, while this policy was in place, including for infringing a patent naming all four of David Burnett,[] Prashant Kenkare, Andrew Russell, and Michael Snyder (each of whom is also an inventor on the '357 Patent) as an inventor. Yet despite this notice, Intel proceeded to infringe other patents on inventions developed in the same area by these four named inventors.[fn3] Under the circumstances present here, including explicit notice having been provided of Intel's infringement of other NXP patents and NXP's competitive position with Intel in the marketplace, Intel knew or should have known of the high probability that NXP had patented other technologies, such as those to which the '357 Patent is directed, that Intel had included within its microprocessor products. Intel should have known that its conduct was infringing both prior to and following the filing of this Complaint. |

| | [fn3] Intel also was sued for infringing an additional patent naming James D. Burnett as an inventor.<br><br>Ex. C, *VLSI Tech.*, Dkt. 1, ¶ 28 (W.D. Tex. Apr. 11, 2019). |
| --- | --- |

Finally, Plaintiff's equally conclusory allegations that Defendants are objectively reckless and "has been, and continues to be willful intentional, deliberate, or in conscious disregard of Plaintiff's rights" again are unsupported by any pleaded facts and once again represent formulaic single-sentence recitations of the elements with nothing more.  *See* Dkt. 1, ¶¶ 48-49, 79-80, 110-111.

Moreover, Plaintiff fails to plausibly plead that Defendants directly infringed the '160, '513, or '018 Patents, much less that Defendants knew their conduct constituted infringement of those patents.  *See supra*, Section III.B.  Indeed, given the paucity of the infringement allegations, the Complaint does not provide notice of infringement.

Additionally, and more fundamentally, enhanced damages for willful infringement "are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for ***egregious*** infringement behavior" such as behavior "characteristic of a pirate."  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 104 (2016) (emphasis added).  Nothing in Plaintiff's Complaint indicates that Defendants have infringed the '160, '513, or '018 Patents, much less done so egregiously.

While this Court has indicated that it will follow the District of Delaware's reasoning in *Valinge Innovation AB v. Halstead New England Corp.* in declining to impose an egregiousness pleading requirement, the reasoning of the *BillJCo* and *Valinge* cases still warrants dismissal of Plaintiff's willful infringement claim here.  *See BillJCo LLC v. Apple Inc.*, 6:21-cv-528-ADA, 2022 WL 299733, at *6 (W.D. Tex. Feb. 1, 2022).  As addressed above, Plaintiff's Complaint does not give sufficient notice to Defendants regarding how they allegedly infringe the Asserted Patents,

and as the court in *Valinge* recognized, without such notice, Plaintiff cannot make out a claim for willful infringement. *Valinge Innovation AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018) (granting dismissal of willful infringement claims without prejudice). Moreover, *BillJCo* involved additional allegations of knowledge, including a pre-suit letter from plaintiff identifying the patents and citation of the patents by the USPTO during prosecution of Apple's patents. *BillJCo*, 2022 WL 299733, at *3. Plaintiff alleges no such circumstances here. Rather, Plaintiff accuses Defendants of "willful, intentional, deliberate" behavior "in conscious disregard of Plaintiff's rights under the patent" without a single factual allegation to allow for a reasonable inference that willful infringement is plausible. Permitting Plaintiff's willful infringement claim to proceed would lower the pleading standard so far that any plaintiff in any case could threaten a defendant with a willfulness claim and a request for treble damages based on a generic and conclusory statement by operation of filing a complaint for patent infringement, regardless of that complaint's actual contents. This especially should not be permitted here, where Plaintiff's Complaint merely parrots the patents' claim elements without any explanation or notice regarding how Plaintiff alleges the Accused Instrumentalities infringe. *See supra*, Section III.B.

Plaintiff's request for treble damages is baseless, and its inclusion is not justified by any factual assertions in the Complaint. The Court should thus dismiss Plaintiff's willfulness claim.

## IV.   CONCLUSION

For the reasons set forth in this brief, Plaintiff's allegations against GoBrands Texas and allegations of direct, indirect, and willful infringement are insufficient under Fed. R. Civ. P. 12(b)(6). Defendants respectfully request that the Court grant this motion and dismiss the Complaint in its entirety.

Dated: July 8, 2022                              Respectfully submitted,

                                                 */s/ Kurt M. Pankratz*
                                                 Kurt M. Pankratz
                                                 Texas Bar No. 24013291
                                                 Kurt.Pankratz@bakerbotts.com
                                                 David J. Tobin
                                                 State Bar No. 24060735
                                                 David.Tobin@bakerbotts.com
                                                 Melissa L. Muenks
                                                 State Bar No. 24097442
                                                 Melissa.Muenks@bakerbotts.com
                                                 **BAKER BOTTS L.L.P.**
                                                 2001 Ross Avenue, Suite 900
                                                 Dallas, Texas 75201
                                                 Telephone: (214) 953-6500
                                                 Facsimile: (214) 953-6503

                                                 ***COUNSEL FOR GOBRANDS, INC. AND
                                                 GOBRANDS TEXAS, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2022, the foregoing was filed electronically in compliance with Local Rule CV-5(b)(1) and served via the Court's electronic filing system on all counsel who have consented to electronic service.

*/s/ Kurt M. Pankratz*
Kurt M. Pankratz

## CERTIFICATE OF COMPLIANCE

In accordance with Section VII of this Court's April 14, 2022 Standing Order Governing Proceedings in Patent Cases, I hereby certify that on June 15, 2022, I telephonically met and conferred with counsel for Plaintiff to discuss dismissing Plaintiff's allegations of indirect and willful infringement.  The parties continued to confer via email, but were unable to reach an agreement to dismiss the claims of post-suit willful and indirect infringement.

*/s/ Kurt M. Pankratz*
Kurt M. Pankratz