# Muenks, Melissa

| | |
|---|---|
| **From:** | C. Matthew Rozier <matt@rhmtrial.com> |
| **Sent:** | Thursday, July 7, 2022 11:50 AM |
| **To:** | Muenks, Melissa; Pankratz, Kurt |
| **Cc:** | Jonathan Miller; Jonathan Hardt; Jim McDonough; DL AD v GoBrands |
| **Subject:** | Re: Alto Dynamics v. GoBrands: motion to dismiss |
| **Attachments:** | Stipulation Dismissing Willful & Indirect Infringement_Active_97893216_1[78].DOCX |

[EXTERNAL EMAIL]

Counsel,

We made a few revisions to the stipulation (apologies, we forgot to redline). We are fine with the attached if you are.

Our good faith basis for naming GoBrands Texas is set forth, in part, in the Complaint. We have asked several times for you to provide any documentation or explanation for why that entity should be dismissed. All you have told us is that they are a "special purpose entity" that has "no employees." We have no way to no what special purpose entity means in this specific context, and you have not represented that the entity has no officers or executives or owners, etc. We remain willing to consider any documents you are willing to show us.

Regards,

Matt

**C. Matthew Rozier**
**Rozier Hardt McDonough PLLC**
2590 Walnut Street
Suite 10
Denver, CO 80205
O:  720.820.3006
C:  202.316.1591
E:  matt@rhmtrial.com



---

**From:** Muenks, Melissa <Melissa.Muenks@BakerBotts.com>
**Date:** Wednesday, July 6, 2022 at 9:02 PM
**To:** C. Matthew Rozier <matt@rhmtrial.com>, Pankratz, Kurt <kurt.pankratz@bakerbotts.com>
**Cc:** Jonathan Miller <miller@rhmtrial.com>, Jonathan Hardt <hardt@rhmtrial.com>, Jim McDonough <jim@rhmtrial.com>, DL AD v GoBrands <DL_ADvGoBrands@BakerBotts.com>
**Subject:** RE: Alto Dynamics v. GoBrands: motion to dismiss

Counsel,

We revised the proposed stipulation to reflect Plaintiff's agreement to dismiss pre-suit indirect and willfulness claims, attached. If this version is acceptable, please add your signature and we will get this on file.

With respect to GoBrands Texas, we asked that you identify what information would be sufficient to reach an agreement to dismiss GoBrands Texas and your good faith basis for naming GoBrands Texas in the complaint and you have provided neither. Without that information, we appear to be at an impasse with respect to that entity and will proceed with filing our motion.

Regards,
Melissa

**Melissa Muenks** | Baker Botts L.L.P. | T: 214.953.6949 | M: 214.801.5246

**From:** C. Matthew Rozier <matt@rhmtrial.com>
**Sent:** Friday, July 1, 2022 9:41 AM
**To:** Muenks, Melissa <Melissa.Muenks@BakerBotts.com>; Pankratz, Kurt <kurt.pankratz@bakerbotts.com>
**Cc:** Jonathan Miller <miller@rhmtrial.com>; Jonathan Hardt <hardt@rhmtrial.com>; Jim McDonough <jim@rhmtrial.com>; DL AD v GoBrands <DL_ADvGoBrands@BakerBotts.com>
**Subject:** Re: Alto Dynamics v. GoBrands: motion to dismiss

**[EXTERNAL EMAIL]**

Counsel,

You have our answer on what claims we will stipulate to dismiss (pre-suit indirect and willfulness only). To confirm, are your concerns with our post-suit allegations as to those claims limited to the GoBrands Texas entity issue?

As to GoBrands Texas, we currently have no way to know what you mean by "special purpose entity." You have not indicated to us that you believe venue or jurisdiction is improper as to GoBrands Texas or provided a single piece of documentation regarding that entity, even though we asked for supporting documentation a month ago (see my below email to your colleague from June 1). We remain willing to consider any documentation your client provides.

Regards,

Matt

**C. Matthew Rozier**
**Rozier Hardt McDonough PLLC**
2590 Walnut Street
Suite 10
Denver, CO 80205
O:  720.820.3006
C:  202.316.1591
E:  matt@rhmtrial.com



**From:** Muenks, Melissa <Melissa.Muenks@BakerBotts.com>
**Date:** Wednesday, June 29, 2022 at 6:45 PM
**To:** C. Matthew Rozier <matt@rhmtrial.com>, Pankratz, Kurt <kurt.pankratz@bakerbotts.com>

**Cc:** Jonathan Miller <miller@rhmtrial.com>, Jonathan Hardt <hardt@rhmtrial.com>, Jim McDonough <jim@rhmtrial.com>, DL AD v GoBrands <DL_ADvGoBrands@BakerBotts.com>
**Subject:** RE: Alto Dynamics v. GoBrands: motion to dismiss

Counsel,

Thank you for agreeing to dismiss presuit indirect and willful infringement to the extent those were alleged in the Complaint. But we disagree as to the sufficiency of your pleadings for the post-suit indirect and willfulness claims and for GoBrands Texas, and ask you to reconsider the additional aspects of the proposed stipulations. Judge Albright's Order Governing Proceedings is not limited to only presuit allegations, and the stipulations are designed to prevent any prejudice to Plaintiff, no matter the circumstances, because the main GoBrands entity (GoBrands, Inc.) remains and no discovery is impacted with respect to the GoBrands Texas, LLC entity or the post-suit indirect or willful infringement claims.

As we indicated on the meet and confer several weeks ago, we are happy to consider your request with respect to GoBrands Texas but would first need to understand your good faith basis for naming GoBrands Texas as a defendant in the complaint in the first place. As we have represented, GoBrands Texas is a special purpose entity without employees or a role in the actions accused of infringement. Second, we would need more specificity as to what would allow the parties to accomplish a stipulation for GoBrands Texas. Please let us know what evidence would be sufficient for Plaintiff to agree to dismiss GoBrands Texas (e.g., a declaration that GoBrands Texas has no employees).

Regards,
Melissa

**Melissa Muenks** | Baker Botts L.L.P. | T: 214.953.6949 | M: 214.801.5246

**From:** C. Matthew Rozier <matt@rhmtrial.com>
**Sent:** Tuesday, June 28, 2022 4:26 PM
**To:** Muenks, Melissa <Melissa.Muenks@BakerBotts.com>; Pankratz, Kurt <kurt.pankratz@bakerbotts.com>
**Cc:** Jonathan Miller <miller@rhmtrial.com>; Jonathan Hardt <hardt@rhmtrial.com>; Jim McDonough <jim@rhmtrial.com>; DL AD v GoBrands <DL_ADvGoBrands@BakerBotts.com>
**Subject:** Re: Alto Dynamics v. GoBrands: motion to dismiss

**[EXTERNAL EMAIL]**

Melissa,

Apologies for the delayed response on this. We cannot agree to these stipulations at this time. As to GoBrands Texas, we will need to see evidence sufficiently supporting your representations as to that entity. If you can provide such documents we would be happy to review those and would of course agree to dismiss any party that is not necessary or proper in the case.

As to the dismissal of certain claims, we will agree to dismiss any **pre-suit** indirect infringement or **pre-suit** willful infringement allegations if your read of the Complaint is that we have alleged such pre-suit claims. That's our understanding of the intent of the Judge's Standing Order you reference. We do not see a reason or cause to voluntarily dismiss the other allegations/claims, which we believe we have a good faith basis to allege and which the Court's Standing Order does not address at all.

Regards,

Matt

**C. Matthew Rozier**
**Rozier Hardt McDonough PLLC**
2590 Walnut Street
Suite 10
Denver, CO 80205
O:  720.820.3006
C:  202.316.1591
E:  matt@rhmtrial.com



---

**From:** Muenks, Melissa <Melissa.Muenks@BakerBotts.com>
**Date:** Wednesday, June 15, 2022 at 4:23 PM
**To:** Pankratz, Kurt <kurt.pankratz@bakerbotts.com>, C. Matthew Rozier <matt@rhmtrial.com>
**Cc:** Jonathan Miller <miller@rhmtrial.com>, Jonathan Hardt <hardt@rhmtrial.com>, Jim McDonough <jim@rhmtrial.com>, DL AD v GoBrands <DL_ADvGoBrands@BakerBotts.com>
**Subject:** RE: Alto Dynamics v. GoBrands: motion to dismiss

Counsel,

Thank you for the call this afternoon. Attached are proposed stipulations dismissing GoBrands Texas, LLC and the indirect infringement and willfulness allegations. As discussed, our client is still reviewing, but we wanted to go ahead and send these to you for consideration to see if we can reach an agreement on these issues.

Regards,
Melissa

**Melissa Muenks** | Baker Botts L.L.P. | T: 214.953.6949 | M: 214.801.5246

**From:** Pankratz, Kurt <kurt.pankratz@bakerbotts.com>
**Sent:** Tuesday, June 14, 2022 12:39 PM
**To:** C. Matthew Rozier <matt@rhmtrial.com>
**Cc:** Jonathan Miller <miller@rhmtrial.com>; Jonathan Hardt <hardt@rhmtrial.com>; Jim McDonough <jim@rhmtrial.com>; DL AD v GoBrands <DL_ADvGoBrands@BakerBotts.com>
**Subject:** RE: Alto Dynamics v. GoBrands: motion to dismiss

Matt – I updated for that time tomorrow.  Look forward to speaking with you then.

**From:** C. Matthew Rozier <matt@rhmtrial.com>
**Sent:** Tuesday, June 14, 2022 12:19 PM
**To:** Pankratz, Kurt <kurt.pankratz@bakerbotts.com>
**Cc:** Jonathan Miller <miller@rhmtrial.com>; Jonathan Hardt <hardt@rhmtrial.com>; Jim McDonough <jim@rhmtrial.com>; DL AD v GoBrands <DL_ADvGoBrands@BakerBotts.com>
**Subject:** Re: Alto Dynamics v. GoBrands: motion to dismiss

**[EXTERNAL EMAIL]**

Kurt,

I've had a conflict arise for today's call. Could you do tomorrow (Wednesday) at 1pm Mountain instead?

Thanks,

Matt

---

**From:** Pankratz, Kurt <kurt.pankratz@bakerbotts.com>
**Sent:** Wednesday, June 8, 2022 4:39:34 PM
**To:** C. Matthew Rozier <matt@rhmtrial.com>
**Cc:** Jonathan Miller <miller@rhmtrial.com>; Jonathan Hardt <hardt@rhmtrial.com>; Jim McDonough <jim@rhmtrial.com>; DL AD v GoBrands <DL_ADvGoBrands@BakerBotts.com>
**Subject:** RE: Alto Dynamics v. GoBrands: motion to dismiss

How about either 2:30 or 4:30 CT?

---

**From:** C. Matthew Rozier <matt@rhmtrial.com>
**Sent:** Wednesday, June 8, 2022 4:28 PM
**To:** Pankratz, Kurt <kurt.pankratz@bakerbotts.com>
**Cc:** Jonathan Miller <miller@rhmtrial.com>; Jonathan Hardt <hardt@rhmtrial.com>; Jim McDonough <jim@rhmtrial.com>; DL AD v GoBrands <DL_ADvGoBrands@BakerBotts.com>
**Subject:** Re: Alto Dynamics v. GoBrands: motion to dismiss

**[EXTERNAL EMAIL]**

Kurt,

Next week works. Would some time Tuesday work for you?

Regards,

Matt

---

**From:** Pankratz, Kurt <kurt.pankratz@bakerbotts.com>
**Sent:** Wednesday, June 8, 2022 2:43:56 PM
**To:** C. Matthew Rozier <matt@rhmtrial.com>
**Cc:** Jonathan Miller <miller@rhmtrial.com>; Jonathan Hardt <hardt@rhmtrial.com>; Jim McDonough <jim@rhmtrial.com>; DL AD v GoBrands <DL_ADvGoBrands@BakerBotts.com>
**Subject:** RE: Alto Dynamics v. GoBrands: motion to dismiss

Matt,

Following up on this, could you let me know your availability for a call next week? Also, we'll prepare stipulations on these issues for you to consider as well.

Kurt

**From:** Pankratz, Kurt
**Sent:** Wednesday, June 1, 2022 11:43 PM
**To:** C. Matthew Rozier <matt@rhmtrial.com>
**Cc:** Jonathan Miller <miller@rhmtrial.com>; Jonathan Hardt <hardt@rhmtrial.com>; Jim McDonough <jim@rhmtrial.com>; DL AD v GoBrands <DL_ADvGoBrands@BakerBotts.com>
**Subject:** RE: Alto Dynamics v. GoBrands: motion to dismiss

Matt,

Thanks for your email.  I think a call would be helpful.  Do you have availability on Friday at 1:00 CT or Monday between 2-4 CT?

Kurt

**From:** C. Matthew Rozier <matt@rhmtrial.com>
**Sent:** Wednesday, June 1, 2022 8:48 AM
**To:** Pankratz, Kurt <kurt.pankratz@bakerbotts.com>
**Cc:** Jonathan Miller <miller@rhmtrial.com>; Jonathan Hardt <hardt@rhmtrial.com>; Jim McDonough <jim@rhmtrial.com>; DL AD v GoBrands <DL_ADvGoBrands@BakerBotts.com>
**Subject:** Re: Alto Dynamics v. GoBrands: motion to dismiss

**[EXTERNAL EMAIL]**

Kurt,

Thank you for the email.  Can you provide any supporting evidence or documentation regarding GoBrands Texas, LLC so that we can confirm your representation?  If so, we would be glad to consider that to determine if dismissal of that entity is proper.

Can you provide more explanation on the indirect and willful infringement claims?  What do you consider to be deficient there?

We can be available for a call later today if helpful.

Regards,

Matt

**C. Matthew Rozier**
**Rozier Hardt McDonough PLLC**
2590 Walnut Street
Suite 10
Denver, CO 80205
O:  720.820.3006
C:  202.316.1591
E:  matt@rhmtrial.com



**From:** Pankratz, Kurt <kurt.pankratz@bakerbotts.com>
**Date:** Tuesday, May 31, 2022 at 12:31 PM
**To:** C. Matthew Rozier <matt@rhmtrial.com>
**Cc:** Jonathan Miller <miller@rhmtrial.com>, Jonathan Hardt <hardt@rhmtrial.com>, Jim McDonough <jim@rhmtrial.com>, DL AD v GoBrands <DL_ADvGoBrands@BakerBotts.com>
**Subject:** Alto Dynamics v. GoBrands: motion to dismiss

Matt,

We've been reviewing AD's complaint and spotted some issues we wanted to discuss with you all before raising them in a motion to dismiss.

First, one of the two named defendants – GoBrands Texas, LLC – is a special purpose entity that does not have any role in the actions accused of infringement, and thus we intend to move to dismiss that entity from the case. We can discuss more in a call if needed, but we're hoping that we can reach an agreement on how to get this entity dismissed.

Also, Judge Albright's OGP requires the parties to meet and confer in advance of any motion to dismiss to discuss indirect and willful infringement. Specifically, his OGP requires:

> **VI.   MEET AND CONFER REQUIREMENT FOR EARLY MOTIONS TO DISMISS INDIRECT AND WILLFUL INFRINGEMEN[T]**
>
> Any party seeking to dismiss claims of indirect or willful infringement before fact discovery must first meet and confer with the opposing party to discuss dismissing those allegations without prejudice, with leave to re-plead those allegations with specificity, if supported by a good faith basis under Rule 11, within three months after fact discovery opens while permitti[ng] fact discovery on indirect and willful infringement during those three months. The party movi[ng] to dismiss must attach a certification of compliance with this OGP to its motion to dismiss.
>
> An agreement to dismiss under this section shall be filed as a joint notice instead of as a moti[on]

We propose that the parties file a joint notice to dismiss AD's indirect and willful infringement claims consistent with Judge Albright's OGP. If you agree, we will prepare a joint notice and circulate for your review.

If plaintiff does not agree or would like to discuss these issues in more detail, please let me know your availability for a call.

Kurt

Kurt M. Pankratz
BAKER BOTTS L.L.P. ■
2001 Ross Avenue, Suite 900
Dallas, TX 75201-2980
214.953.6584


**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s]

listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.